THOMAS B. HARRISON and Wife *v.* D. F. WAYMOUTH and Wife.

A bill of exceptions is only necessary, where something is to be brought to the knowledge of the appellate court, which would not otherwise appear in the record.

In an affidavit for a continuance, on the ground of the absence of a witness, a statement " that the witness has left the city for a few days," is equivalent to an allegation that he is expected to return at the expiration of that period, and will be sufficient.

Where, on an application for a continuance, defendant swears, that he expects to prove by a witness, who is absent, " that plaintiffs had caused great damage to him by their illegal conduct, that he is not indebted to them, and that he cannot safely go to trial without his testimony," the circumstance of his having other witnesses to the same facts, ought not to deprive him of the benefit of a continuance; for the absent witness might have the means of speaking more positively than the others.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

MARTIN, J. The defendants and appellants complain that a continuance was incorrectly refused to them. They claimed it on

Harrison and Wife v. Waymouth and Wife.

an affidavit, that they could not safely proceed to trial without the testimony of Lawrence Finnick, by which they expected to prove the allegations in their answer; that they left the name of said Finnick, to be summoned as a witness, and his domicil, according to the rules of the court relating to the summoning of witnesses; that the subpœna was left at the witness' domicil on the 16th instant, when they heard, for the first time, that he had left the city for a few days; and that the affidavit is not made for delay, &c. The plaintiffs' counsel contend that the defendants cannot urge this matter in this court, because no bill of exceptions was taken to the refusal of the continuance below. We are ignorant of any necessity for a bill of exceptions in a case like this. Such a bill is needed only in those cases, where something is to be brought to the knowledge of this court, which would not otherwise appear.

The judgment informs us that the affidavit was insufficient, because it is not shown that the witness was expected to return, and there were several other witnesses, who lived in the house, to the same point to which his testimony was wanted. The judge, in our opinion, erred. Had the defendants sworn that they were informed that the witness was expected to return within a week or a month, this would have sufficed. They swear that they were informed that he had left the city, for a few days. This certainly means that he was expected to return, within that time. The circumstance of the defendants' having had other witnesses to the fact which they intended to prove by the absent one, ought not to have prevented the granting of the continuance, for it was not known, when the continuance was refused; and even had it been known, it would have been insufficient, for the absent witness might have the means of speaking more positively than those who attended; and this was impliedly attested in the affidavit, which states that, without the testimony of this witness, the defendants can not safely proceed to trial.

It is, therefore, ordered, that the judgment be reversed, and the case remanded for a new trial; the plaintiffs and appellees paying the costs of the appeal.

*Micou*, for the plaintiffs.

*Carter*, for the appellants.